IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Abbas Elcheikhali,                              Case No. 3:10 CV 2301

             Petitioner,                    MEMORANDUM OPINION
                                               AND ORDER

       -vs-

                                                 JUDGE JACK ZOUHARY

Eric Holder, et al.,

             Respondents.

On October 8, 2010, *pro se* Petitioner Abbas Elcheikhali filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1). Elcheikhali names the U.S. Attorney General Eric Holder, Department of Homeland Security ("DHS") Secretary Janet Napolitano and the Consulate General of Lebanon as Respondents. He seeks a stay of removal, a declaration that his foreign travel documents are invalid, invalidation of his Lebanese citizenship, and immediate release from custody.

## BACKGROUND

Petitioner is a native of Lebanon. He arrived in the United States in 1988 after his life was threatened by Hezbollah, a Shiite radical organization. He claims he was targeted as a member of the militia group that aided the Israeli invasion of Lebanon in 1982. Petitioner submitted an application in 1992 to denounce his Lebanese citizenship.

On January 8, 2007, Petitioner was indicted in the United States District Court of New Jersey. *See United States v. Elcheikhali*, No. 2:07cr00011 (D. N.J. 2007). He pled guilty to conspiracy to defraud the United States in violation of 18 U.S.C. § 371. A second indictment was filed against Petitioner on August 7, 2007. *See United States v. Elcheikhali*, No. 2:07cr00658 (D. N.J. 2007). He

pled guilty to bank fraud in violation of 18 U.S.C. § 1344 and fraud with identification documents in violation of 18 U.S.C. §1028(a)(7). On May 29, 2008, the court sentenced him to a thirty-month term of imprisonment on both counts, to run concurrent with the thirty-month sentence imposed for the conspiracy charge. Petitioner was taken into custody by Immigration & Customs Enforcement ("ICE") on July 30, 2009. He has remained in custody since that date.

In October 2009, Petitioner wrote to the Lebanese Consulate advising that he was renouncing his Lebanese citizenship. He also requested an "application to travel document" from his deportation officer. The document was then mailed to the Consulate. The Consulate requested Petitioner's birth certificate. Petitioner attempted to get a copy through his brother in Lebanon; however, his brother advised that Petitioner's registration did not match the names of his parents. The request for a birth certificate was denied.

Petitioner's deportation officer again sent a request for travel documents to the Lebanese Consulate in Detroit, Michigan in March 2010. Five months later, the Consulate advised that Petitioner's travel documents would be issued. When Petitioner personally contacted the Consulate to determine how it obtained these documents when prior officials would not issue a birth certificate, the Consulate refused to answer his questions. Petitioner then contacted his brother who advised that the Lebanese Ministry, which issues travel documents, is controlled by a Hezbollah member. He believes Hezbollah requested his travel documents without verification because he is on its list of "Wanted" individuals. Petitioner asserts this is evidence of a conspiracy between the Lebanese government and Hezbollah.

A final Order of Removal was issued on March 4, 2010. Petitioner now renews his abandonment of Lebanese citizenship. He seeks a stay of his deportation, immediate release and a

DHS investigation into the travel documents he requested. Petitioner claims he will be arrested, tortured and killed if returned to Lebanon.

## 28 U.S.C. § 2241

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is limited to claims that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). A district court shall direct a writ of habeas corpus to the person who is detaining the petitioner. 28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Braden*, 410 U.S. at 495.

A prisoner's proper custodian for purposes of habeas review is the warden of the facility where he is being held. *See Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2003). Similarly, a detained alien filing a habeas corpus petition should generally name as a respondent the person exercising daily control over his affairs. *Id.* at 320. Petitioner's custodian is the warden at the Bedford Heights City Jail, in Bedford Heights, Ohio. Even though this Court has personal jurisdiction over Petitioner's custodian, it cannot grant his requested relief.

## FINAL ORDER OF REMOVAL

The Attorney General must remove aliens within ninety days of an order of removal. 8 U.S.C. § 1231(a)(1)(A). This period begins to run from either the date the order of removal becomes administratively final or, if the court grants a motion to stay removal, the date of the court's final order. 8 U.S.C. §1231(a)(1)(B)(i)&(ii).

As an alien subject to deportation, Petitioner filed a Motion to Stay Removal in the Sixth Circuit Court of Appeals on June 28, 2010. *See Elcheikhali v. Holder*, No. 10-3780 (6th Cir. 2010). He sought review of the Board of Immigration Appeals' ("BIA") decision denying his Motion to Reconsider Asylum and other relief, as well as to reopen his immigration proceedings based on newly discovered evidence. The Sixth Circuit determined Petitioner waived the Immigration Judge's denial of asylum because he never appealed that decision. The court granted a temporary stay of removal on August 5, 2010, pending receipt and review of the administrative record. The temporary stay was dissolved when the Court of Appeals denied Petitioner's Motion for Stay of Removal on September 28, 2010. *Id.*

The date the court dissolved Petitioner's Temporary Stay, on September 28, 2010, is the date of the court's final order. It also began Petitioner's ninety-day removal period. 8 U.S.C. § 1231(a)(1)(B)(i)&(ii). By statute, Petitioner's removal is required within this ninety-day period. *Id.*

Review of a final order of removal by a district court is limited to pure questions of law and does not touch upon decisions within the discretion of the Attorney General. *Moussa v. Jenifer*, 389 F.3d 550, 554 (6th Cir. 2004). The denial of Petitioner's Request for Stay of Removal was an agency action committed to agency discretion by law. Moreover, the REAL ID Act of 2005, § 106(a)(2), explicitly amended 8 U.S.C. § 1252 to mandate that the appropriate court of appeals has exclusive jurisdiction to review an order of removal. 8 U.S.C. § 1252(a)(5). This includes any cause or claim under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment. 8 U.S.C. § 1252(a)(4). Section 1252(g) further provides:

4

> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). In deciding the extent to which agency actions are protected from judicial review under Section 1252(a)(2)(B), the Supreme Court recently noted that "once the scope of the [jurisdictional] bar is determined, jurisdiction is precluded regardless of what any other provision or source of law might say." *Kucana v. Holder*, 130 S. Ct. 827, 831-32 n. 1 (2010).

The decision to deny Petitioner's requested stay of removal was discretionary and part of a valid order of removal. *See Moussa*, 389 F.3d at 552-55 (rejecting claim based on earlier version of Section 1252(g), that district court had jurisdiction over habeas petition under 28 U.S.C. §§ 2241, 2201, 1331, & 1651 to stay the execution of a deportation order). Furthermore, Section 1252 limits this Court's ability to review an order of remand. Therefore, this Court lacks subject matter jurisdiction over Petitioner's request to further stay his deportation.

## CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

November 17, 2010

5